JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1641 JGB (DTBx) | Date | August 9, 2016 |
| Title | 24514 Alessandro Blvd, LLC v. One Up Holistic | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order REMANDING the Action to California Superior Court for the County of Riverside (IN CHAMBERS)

     On July 27, 2016, Defendant One Up Holistic, a California non-profit collective, ("Defendant") filed a Notice of Removal, purporting to remove this action from California Superior Court for the County of Riverside to this Court. (Notice of Removal, Dkt. No. 1.) The Notice of Removal contends that in June of 2016, Plaintiff 24515 Alessandro Blvd, LLC ("Plaintiff") filed a complaint for unlawful detainer against Defendant.[1] (Complaint, Dkt. No. 1-1.) The Complaint alleges that on June 13, 2016, Plaintiff served Defendant with a three-day notice to quit because Defendant continues to operate a medical marijuana business at the premises notwithstanding a June 3, 2016 Order from the Riverside Superior Court mandating that Defendant restrain from engaging in or performing the operation of a medical marijuana business, as such activity is unlawful in the City of Moreno Valley.

## I.   LEGAL STANDARD

---

[1] The Complaint attached to the Notice of Removal is not stamped by the California Superior Court and does not contain a stamped case number, indicating that it may not have been filed. A review of the Riverside Superior Court website — which permits the public to search for cases, including unlawful detainer actions — reveals that the hand-written case number on the first page of the Complaint is assigned to a different case, one that does not match the names of the parties in this action, and further, that no unlawful detainer action has been filed in the last 60 days with the names of these parties or concerning this property. Nonetheless, the Court will assume, for purposes of this Order, that such a case exists and has been filed in Riverside Superior Court.

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II.     DISCUSSION

The Notice of Removal contends that federal subject matter jurisdiction in this case exists pursuant to 28 U.S.C. § 1332 because "it is a civil action between citizens of this state and the matter in controversy exceed[s] the sum or value of $75,000…" (Notice of Removal at 2.) Defendant, represented by counsel, fundamentally misunderstands federal subject matter jurisdiction premised upon diversity of the parties.  For diversity of the parties to exist, the citizens must be of different states — hence the term "diversity" — not the same state.  See 28 U.S.C. § 1332(a)(1).  As such, Defendant has not satisfied its burden of establishing subject matter jurisdiction because there is no diversity of the parties.

Moreover, the Court notes that Plaintiff's only claim is for unlawful detainer, a California state law action.  See Wells Fargo Bank v. Lapeen, No. C 11-01932 LB, 2011 WL 2194117 at *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law").  Federal question jurisdiction therefore does not exist, either.  See, e.g., U.S. Bank, N.A. v. Barcenas, 2012 U.S. Dist. LEXIS 173586, at *1 (C.D. Cal. Dec. 5, 2012) ("Because this is an unlawful detainer action, a federal question does not present itself."); Aurora Loan Servs. v. Orozco, 2012 U.S. Dist. LEXIS 172200, at *3–4 (C.D. Cal. Dec. 3, 2012) (explaining that unlawful detainer actions are purely matters of state law and that "any federal defense Defendant raises is irrelevant with regard to jurisdiction").

Due to the absence of both diversity jurisdiction and federal question jurisdiction, Defendant has not shown – and indeed, cannot show – that the Court has subject matter jurisdiction in this case.

## III.     CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  28 U.S.C. § 1446(c)(4).  Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendant has not met his burden of establishing that this case is properly in federal court.  See In re Ford Motor Co./Citibank (South Dakota), N.A.,

264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

For the foregoing reasons, the Court REMANDS this action to California Superior Court for the County of Riverside.

**IT IS SO ORDERED.**